UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

JOHN FLICK,

        Plaintiff,

vs.

LAKE COUNTY JAIL, *et al.*,

        Defendants.

-------------------------------------------------------

CASE NO. 1:10-CV-532

OPINION & ORDER
[Resolving Doc. No. 20]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This prisoner civil rights case is before the Court on Plaintiff's motion under Federal Civil Rule 15(c) to relate back to the time of his original complaint Plaintiff's amended claims against Dr. B.J. Sidari, Nurse Carolyn Barbish, and Nurse Diane Snow, (the "Medical Staff Defendants"), who were originally sued as unnamed defendants John and Jane Doe. [Doc. 20.]

Plaintiff John Flick alleged in his original complaint, filed March 2010, that in March 2008 certain unnamed doctors and nurses at the Lake County Jail acted with deliberate indifference in failing to treat his serious health issues. [Doc. 1.] In November 2010 Plaintiff learned the identities of the Medical Staff Defendants, and he then amended his complaint. [Doc. 20.] Recognizing however that Ohio's statute of limitations for § 1983 actions expired prior to the amendment, Plaintiff now asks the Court to relate back the claims in the amended complaint to the date of the original complaint. The Medical Staff Defendants oppose the amendment and relation back, arguing

Case No. 1:10-CV-532
Gwin, J.

that Plaintiff has failed to satisfy the Rule 15(c) requirements. [Doc. 22.]

A motion to substitute a named defendant for a Doe defendant is, according to the Sixth Circuit, equivalent to a request to add a new party controlled by Federal Rule of Civil Procedure 15(c). Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). If the amendment is filed after the statute of limitations period has run—as is the case here—it will only relate back to the date of the filing of the initial complaint if three requirements are met. Id. at 352; Fed. R. Civ. P. 15(c). First, the claims raised against the new party must arise from the same transaction as the claims in the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Second, the new party must not now be prejudiced by having to defend the suit. Fed. R. Civ. P. 15(c)(1)(C)(i). And third, the new party must have had actual or constructive knowledge that it would have been a defendant in the action "but for a mistake concerning the proper party's identity" within the time for service set out in Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C)(ii). Only the final element—mistake—is in play here, because the claims against the Medical Staff Defendants are essentially identical to those earlier raised against the unnamed doctors and nurses, and because there is little risk of prejudice since this action remains at an early stage.[1]

The Sixth Circuit has long held the position that a complete lack of knowledge as to the identity of a defendant—a suit against a Doe defendant, for example—is not equivalent to a "mistake" concerning the actual defendant's identity. See, e.g., Moore v. State of Tenn., 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)."). Thus, under the rule in the Sixth Circuit, the amended claims against

---

[1] Moreover, the Medical Staff Defendants make no argument that the claims against them do not arise from the same transaction as the claims in the original complaint. Nor do they argue that relation back will prejudice them.

-2-

Case No. 1:10-CV-532
Gwin, J.

the Medical Staff Defendants would not relate back to the date of the initial complaint.

Against this uniform precedent, the Plaintiff asks the Court to reexamine the Sixth Circuit's long-held position in light of the Supreme Court's recent holding in *Krupski v. Costa Crociere, S.p.A.*, 130 S.Ct. 2485 (2010). In *Krupski*, the Supreme Court clarified the operation of Rule 15(c) in cases in which a plaintiff sues the wrong defendant. The plaintiff in *Krupski* mistakenly named Costa Cruise Lines as the defendant in her personal injury suit. The plaintiff then sought to amend her complaint to identify Costa Crociere as the defendant. *Id*. at 2491–92. In allowing the amendment, the Supreme Court broadly defined "mistake" as an "an error, misconception, or misunderstanding; an erroneous belief." *Id*. at 2494 (quotation omitted). As an example of a mistake that would potentially allow for relation-back, the Supreme Court described a plaintiff who sues party A, rather than party B, because of a misunderstanding regarding the roles that the potential defendants played in the transaction giving rise to the claim. *Id*. at 2494. In giving this example, the Supreme Court broadly viewed Rule 15(c)(1)(C) as covering any error that caused a plaintiff to sue one party, while in reality, actually intending to sue another. *Id*. at 2494.

The holding in *Krupski*, however, is inapplicable to the situation here. In this case, Plaintiff knew who he wanted to sue, but did not know the intended defendants' names. Hence, the Plaintiff chose initially to sue John and Jane Doe. *Krupski*, in contrast, addressed the situation where a party knew of the existence of two parties, but, confused as to their roles in a transaction, mistakenly sued the wrong one.[2/] The facts here show that the Plaintiff was not "mistaken" as to the identities of

---

[2/] This Court just recently read *Krupski* to include both mistakes that merely substitute a party and those that add new parties. *See Erie Indemnity Co. v. Keurig, Inc.*, No. 1:10-CV-2899, 2011 WL 2893013, at *3 (N.D. Ohio July 15, 2011) (Gwin, J.). The Plaintiff in *Erie* mistakenly believed that the same company designed and manufactured the allegedly defective product and thus failed to sue the manufacturer within the limitations period. In allowing the addition of claims against the manufacture defendant, this Court held that the plaintiff's failure to sue the manufacturer was a

Case No. 1:10-CV-532
Gwin, J.

the Medical Staff Defendants, he simply did not know their names. Even under *Krupski*'s broader definition of "mistake," which includes errors, misconceptions, and erroneous beliefs, it cannot be said that the Plaintiff erroneously believed that John and Jane Doe, not Dr. B.J. Sidari, Nurse Carolyn Barbish, and Nurse Diane Snow, played a role in his allegedly poor treatment. Thus, because the Plaintiff did not make a "mistake" concerning the proper parties' identities, Federal Rule 15(c) does not apply, and the Plaintiff's claims against the Medical Staff Defendants do not relate back to the time of the original complaint.

Although the Sixth Circuit has yet to reexamine its prior decisions after *Krupski*, the Court notes that its approach in this opinion is consistent with other district courts in this Circuit and elsewhere. *See, e.g., Burdine v. Kaiser*, 3:09-CV-1026, 2010 WL 2606257, at \*2 n.2 (N.D. Ohio June 25, 2010) (noting that *Krupski* did not change the reasoning of the Sixth Circuit in *Moore* and *Cox* that, for purposes of Rule 15(c), a "lack of knowledge" concerning a defendant is not a "mistake").

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to relate back to the time of the original complaint Plaintiff's claims against the Medical Staff Defendants.

IT IS SO ORDERED.

Dated: August 10, 2011     s/ *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

"mistake concerning the proper party's identity" that, after *Krupski*, warranted the addition of the claims against the manufacturer. The case here is different, of course, in that the Plaintiff did not know the identities of those he intended to sue.